■ In the Matter of INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Petitioner, v JAMES P. CORCORAN, as Superintendent of Insurance of the State of New York, Respondent.— Proceeding pursuant to CPLR article 78, transferred to this court by order, Supreme Court, New York County (Clifford Scott, J.), entered November 2, 1988, to review a determination of the New York State Superintendent of Insurance dated April 1, 1988 which found petitioner guilty of violations of the Insurance Law and imposed a penalty of $348,000, is dismissed, the petition denied, and the determination unanimously confirmed, without costs.

The Superintendent's determination that petitioner overcharged premiums for its policies of insurance is supported by substantial evidence and should not be disturbed. The evidence at the hearing established that for the years 1982 and 1983, the petitioner issued policies using improper increased limit of liability conversion factors resulting in substantial overcharges to its customers. We reject petitioner's contention that these violations were not "willful" and therefore not

subject to penalties under Insurance Law former § 187. The term "willful" in regard to Insurance Law violations of this type does not require evil motive or bad purpose and "means no more than intentional and deliberate" *(Matter of Old Republic Life Ins. Co. v Thacher,* 12 NY2d 48, 56) and there was evidence that these overcharges were "willful" under this standard.

The charge that petitioner issued policies at increased rates in 1984 prior to Insurance Department approval of such increased rates effective in July of that year was also established by substantial evidence. Petitioner requested the increase in December 1983, and through further proceedings with the Insurance Department was informed that the increase would not be approved until various further filings were made. It is disingenuous for petitioner to suggest that approval was not needed or that the rates were "deemed approved" within 15 days of the original request, when it participated in the various further proceedings to obtain said approval. Therefore, by charging the increased rates for months prior to the approval, the petitioner violated Insurance Law former § 187.

There is no basis to disturb the amount of the penalty. It was imposed in accordance with law which provides that each policy overcharge constitutes a separate violation and while the amount of the penalty therefore aggregates to a significant amount, it is well below the maximum penalty allowed, and the respondent considered all relevant factors in imposing said penalty. Concur—Sullivan, J. P., Carro, Rosenberger, Ellerin and Smith, JJ.